```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
------------------------------------- X   ELECTRONICALLY FILED
                                      :   DOC #: _____
RIVIN FAVOURITE,                      :   DATE FILED: September 12, 2017
                                      :
                         Petitioner,  :
                                      :
              -v-                     :   16-cv-7086 (KBF)
                                      :
JOHN COLVIN, SUPERINTENDENT FIVE      :   MEMORANDUM
POINTS,                               :   OPINION & ORDER
                                      :
                         Respondent.  :
                                      :
------------------------------------- X
```

KATHERINE B. FORREST, District Judge:

Rivin Favourite, currently incarcerated at the Green Haven Correctional Facility in Stormville, New York, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. On December 21, 2009, Favourite was convicted of robbery and assault in New York state court, and was sentenced to twenty-three years of incarceration. Favourite's petition argues that the trial court erred in admitting certain evidence, and that both his trial and appellate counsel were ineffective.

Because Favourite's petition for a writ of habeas corpus is untimely under 28 U.S.C. § 2244(d)(1), the petition is DENIED. The Court does not rule on the merits of Favourite's petition.

I.  BACKGROUND

On December 21, 2009 Rivin Favourite ("Favourite" or "petitioner") was convicted of first-degree robbery and second-degree assault following a jury trial in the New York Supreme Court, Bronx County ("Supreme Court"). (Pet. for Writ of

Habeas Corpus ("Pet."), ECF No. 1, Ex. 1 at 22.) He was sentenced as a second violent felony offender to a total of twenty-three years of incarceration. (Id.) What follows is a brief overview of the facts relevant to the Court's resolution of this petition.[1]

Following conviction, Favourite filed a timely appeal in the New York Supreme Court, Appellate Division, First Department ("Appellate Division"), broadly arguing that (1) the verdict was against the weight of the evidence, (2) the sentence was excessive, (3) the trial court erred in various respects, and (4) Favourite's trial counsel was ineffective. (Pet. at 2.) The appellate court unanimously affirmed Favourite's conviction and sentence on September 27, 2012. People v. Favourite, 98 A.D.3d 922 (N.Y. App. Div. 2012). The New York Court of Appeals ("Court of Appeals") denied Favourite's request for leave to appeal on March 5, 2013. People v. Favourite, 988 N.Ed.2d 532 (N.Y. 2013).

Favourite subsequently moved for a writ of error coram nobis on January 22, 2014. (Decl. of Ramandeep Singh in Opp'n ("Singh Decl."), ECF No. 11, Ex. 5.) The Appellate Division denied that petition on June 5, 2014, and the Court of Appeals denied Favourite's application for leave to appeal on September 30, 2014. (Pet., Ex. 1 at 26.); see also People v. Favourite, 24 N.Y.3d 960 (N.Y. 2014). Favourite then filed a motion to vacate his conviction under N.Y. Crim. Proc. Law § 440.10 on January 7, 2015. (Singh Decl., Ex. 6.) The Supreme Court denied that petition on

---

[1] Though they are not relevant to the Court's determination that this petition is time-barred as a matter of law, the facts underlying Favourite's state court conviction are laid out elsewhere on the record. (See ECF No. 11, Ex. 3.)

2

June 10, 2015 (Singh Decl., Ex. 7), and the Appellate Division denied Favourite's application for leave to appeal on April 14, 2016. (Singh Decl., Ex. 9.) Finally, Favourite filed the current petition for writ of habeas corpus on September 7, 2016. Below is a table summarizing the dates recited above:

| Motion | Filed | Denied | Leave to Appeal Denied |
|---|---|---|---|
| Direct appeal of conviction and sentence | 03/18/10 | 09/27/12 | 03/05/13 |
| Petition for writ of error coram nobis | 01/22/14 | 06/05/14 | 09/30/14 |
| Motion to vacate under N.Y. Crim. Proc. Law § 440.10) | 01/07/15 | 06/10/15 | 04/14/16 |
| Petition for writ of habeas corpus under 28 U.S.C. § 2254 | 09/07/16 | n/a | n/a |

II. LEGAL PRINCIPLES

A petition for writ of habeas corpus under 28 U.S.C. § 2254 must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This time constraint "promotes judicial efficiency and conservation of judicial resources" and "safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh." Martinez

v. Superintendent of E. Corr. Facility, 806 F.3d 27, 31 (2d Cir. 2015), as corrected (Nov. 12, 2015) (quoting Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000)).

The Second Circuit has held that a state prisoner's conviction becomes final "after the denial of certiorari [by the United States Supreme Court] or the expiration of time for seeking certiorari." Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). Accordingly, the one-year period of limitation under § 2244(d)(1)(A) begins to run either (1) when the United States Supreme Court denies certiorari; or (2) upon expiration of the ninety-day period during which a state prisoner can appeal their conviction to the United States Supreme Court under 28 U.S.C. § 2101(d) and Supreme Court Rule 13.[2] Id.

Accrual of time is tolled during the pendency of any properly filed application for post-conviction relief in state court. 28 U.S.C. § 2244(d)(2); see also Geraci v. Senkowski, 211 F.3d 6, 8 (2d Cir. 2000) ("[P]eriods during which state courts' reviews of convictions are 'pending' are not counted toward the one-year limitation period."). Additionally, petitioners may be entitled to "equitable tolling" in "rare and exceptional circumstance[s]." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted). To secure equitable tolling, the petitioner bears the burden of showing that "(a) 'extraordinary circumstances' prevented him from filing a timely petition, and (b) he acted with 'reasonable diligence' during the

---

[2] Supreme Court Rule 13(1) provides that "a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

4

period for which he now seeks tolling." Martinez, 806 F.3d at 31 (quoting Smith, 208 F.3d at 17); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

III.   DISCUSSION

Because Favourite did not file his petition for a writ of habeas corpus within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1)(A), his petition is untimely. Furthermore, based on its review of the record and the submissions in this action, the Court concludes that Favourite is not entitled to equitable tolling.

First, it is clear that Favourite's petition was not filed within the statutory one-year period of limitations:

- The Court of Appeals denied Favourite's request for leave to appeal his conviction on March 5, 2013. Favourite did not petition the Supreme Court for a writ of certiorari, so the one-year period of limitations began to run one day after[3] his ability to do so expired on June 3, 2013.[4] See Williams, 237 F.3d at 151. The statutory period thus ran from June 4, 2013 until January 21, 2014, and was tolled on January 22, 2014 when Favourite moved for a writ of error coram nobis in the Appellate Division. At that point, **232 days had accrued.**

---

[3] Fed. R. Civ. P. 6(a) governs the computation of time "in any statute that does not specify a method of computing time." The Rule provides that the court should "exclude the day of the event that triggers the period" and "include the last day of the period."
[4] Supreme Court Rule 30(1), which governs the calculation of time for purposes of the Supreme Court Rules, provides that "the day of the act, even, or default from which the designated period begins to run is not included," and "the last day of the period shall be included."

5

- The statutory period was tolled from January 22, 2014 until September 30, 2014, when the Court of Appeals denied Favourite's request for leave to appeal the Appellate Division's denial of his petition. 28 U.S.C. § 2244(d)(2).
- The statutory period then continued to run for an additional 98 days from October 1, 2014 until January 6, 2015, and was tolled on January 7, 2015 when Favourite moved to vacate his conviction under N.Y. Crim. Proc. Law § 440.10 in the Supreme Court. Combined with the previous accrual, a total of **330 days had accrued** at that point.
- The statutory period was then tolled from January 7, 2015 until May 12, 2016, when the Appellate Division denied Favourite's request for leave to appeal the Supreme Court's denial of his motion. 28 U.S.C. § 2244(d)(2).
- The statutory period then continued to run for an additional 118 days from May 13, 2016 until September 7, 2016, when Favourite filed the current petition for writ of habeas corpus. Combined with the previous accruals, a total of **448 days had accrued** at that point.

Because Favourite waited a total of 448 days to file the instant petition, which is well over one year, his petition is untimely under 28 U.S.C. § 2244(d)(1)(A).[5] Accordingly, Favourite's petition must be dismissed unless the Court concludes that "extraordinary circumstances" prevented him from timely filing.

---

[5] Respondent calculated the total time accrued as 14 months and 28 days. (Resp't's Mem. of Law, ECF No. 12 at 10.) Although this calculation differs slightly from the Court's own calculation, Favourite's petition was clearly filed outside the one-year period of limitation set out by 28 U.S.C. § 2244(d)(1)(A) under either calculation.

The Court concludes that no such "extraordinary circumstances" exist, and that Favourite is not entitled to equitable tolling. As an initial matter, it is petitioner's burden to prove he is entitled equitable tolling, Martinez, 806 F.3d at 31, and Favourite has made no effort to do so in either of his filings in this action. Favourite does, however, allege that he did not receive notice of the Appellate Division's May 12, 2016 denial of leave to appeal until August 12, 2016. (Pet'r's Traverse in Reply to the Resp't's Decl. in Opp'n to Grant of Federal Habeas Corpus Pet. ("Reply"), ECF No. 20 at 6.) But Favourite's allegation, even if true, does not constitute the sort of "extraordinary circumstance" necessary for application of equitable tolling. See Geraci, 211 F.3d at 9 (holding that "the record contains no evidence of extraordinary or unusual circumstances that would justify equitable tolling" even though petitioner's counsel argued that petitioner received delayed notice of an Appellate Division decision); see also Anderson v. O'Gara, 2002 WL 1633917, at *4 (S.D.N.Y. July 23, 2002) (holding that petitioner's lack of notice that his coram nobis petition had been denied did not justify equitable tolling). Furthermore, Favourite did not file the instant petition until almost a month after he allegedly first received notice of the Appellate Division's denial, suggesting that Favourite did not act with "'reasonable diligence' during the period for which he now seeks tolling." Martinez, 806 F.3d at 31.

7

IV.     CONCLUSION

The Court concludes that Favourite's petition for writ of habeas corpus under 28 U.S.C. § 2254 was filed outside the statutory one-year period of limitations established by 28 U.S.C. § 2244(d)(1). Further, the Court concludes that petitioner is not entitled to equitable tolling. Accordingly, Favourite's petition is DISMISSED as untimely.

The Clerk of Court is directed to terminate the present action.

SO ORDERED.

Dated:      New York, New York
            September 12, 2017

_____
KATHERINE B. FORREST
United States District Judge

cc:
Rivin Favourite
#10A0025
Green Haven Correctional Facility
594 Rt. 216
Stormville, NY 12582

8