U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
S<small>OUTHERN</small> D<small>ISTRICT OF</small> N<small>EW</small> Y<small>ORK</small>

RIVIN FAVOURITE,

       Petitioner,

– *against* –

JOHN COLVIN,

       Respondent.

**OPINION & ORDER**

16-cv-7086 (ER)

  Rivin Favourite, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 7, 2016. Doc. 1. This Court referred the petition to Magistrate Judge Ona T. Wang on December 17, 2018. Doc. 29.

  On March 11, 2021, Judge Wang issued a Report and Recommendation ("R&R") recommending that the Court deny the petition in its entirety. Doc. 39. Favourite timely filed his written objections to the R&R on May 12, 2021. Doc. 42. For the reasons stated herein, the Court adopts the R&R in its entirety, and the petition is DENIED.

**I. BACKGROUND**

  The factual background and procedural history relevant to Favourite's petition are set forth in detail in the R&R. *See* Doc. 39 at 2–5.

  Favourite and another individual entered Best Aid Pharmacy in the Bronx on April 4, 2007. Doc. 38-2 at 312. The other individual jumped the counter, pointed a gun at an employee, searched him and made him open the cash registers. *Id.* at 290, 292. At the same time, Favourite ordered two other employees, Diana Torres and Sylvia Cortade, to sit "face-to-face." Doc. 38-2 at 293. Favourite instructed them not to look at his face and told them "not to worry, [as] everything [was] going to be okay as long as [they] compl[ied] with their demands." Doc. 38-2

at 293.  Favourite also searched the pharmacy's drawers for money.  *Id.* at 143.  A fourth employee witnessed this from the rear of the pharmacy, exited the scene unseen and called 911.  *Id.* at 138.  Police officers, including Detective Izizarry, arrived shortly thereafter.  Doc. 36-1 at 13.  At first, they did not enter the pharmacy, and instead "peered into the store window." *Id.*  They saw two men inside the store, including one who was "'maintaining control' over two women in the pharmacy area." *Id.*

When the police subsequently entered the pharmacy, shouting "drop your weapons," Favourite ran and climbed into the pharmacy's ceiling.  *Id.* at 14.  He was later located by the police's cold camera and thermal imaging devices.  Doc. 38-2 at 16–17.  After he emerged from the ceiling, Favourite was escorted out of the pharmacy in handcuffs.  Doc. 36-1 at 15.  Outside of the pharmacy, an officer asked Sylvia Cortade, one of the employees that Favourite had ordered to sit face-to-face with another employee, if she recognized Favourite.  Doc. 38-1 at 659.  She responded affirmatively, pointing at Favourite, Doc. 38 at 261, and stating "Yes.  He was the second guy that was in the pharmacy." Doc. 38-1 at 659.

Favourite was charged with first-degree robbery and second-degree assault.  Doc. 1-1 at 22.  Favourite was tried by a jury in New York Supreme Court, Bronx County.  Cortade did not testify at Favourite's trial, but the government sought to admit her out-of-court identification into evidence.  The trial court held a *Wade* hearing from September 16–23, 2009 to determine whether Cortade's identification was unduly suggestive.  During the *Wade* hearing, Favourite's defense counsel asked many questions about the exact circumstances of the identification, including about the lighting conditions and the extent of her interaction with the police preceding the identification.  Doc. 38 at 104–09.  The trial court ultimately determined that the out-of-court identification was not unduly suggestive.  *Id.* at 290.

At trial, the identification was admitted into evidence, and police officers confirmed that when Cortade identified Favourite on the day of the robbery outside of the pharmacy, she did so without anything obstructing her view, from a position approximately ten to fifteen feet away from him.  Doc. 38 at 252, 257.  Detective Izizarry also separately testified and identified

Favourite as one of "the two men who he had seen holding up the store" when he was peering in from the window. Doc. 36-1 at 15.

Favourite was found guilty of first-degree robbery and second-degree assault on December 21, 2009. Doc. 1-1 at 22. He was sentenced to twenty-three years of incarceration. *Id.* The Appellate Division, First Department, unanimously affirmed the conviction and sentence on September 27, 2012. *People v. Favourite*, 98 A.D.3d 922 (1st Dep't 2012). The New York Court of Appeals denied leave to appeal on March 5, 2013. *People v. Favourite*, 988 N.Ed.2d 532 (2013).

Favourite moved for a writ of error *coram nobis* on January 22, 2014. Doc. 36-5. The First Department denied that petition on June 5, 2014. *People v. Favourite*, 2014 N.Y. Slip Op 74119(U) (1st Dept. 2014). The Court of Appeals denied leave to appeal on September 30, 2014. *People v. Favourite*, 24 N.Y.3d 960 (2014).

Favourite then moved to vacate his conviction under New York Criminal Procedure Law § 440.10(1)(h) on January 7, 2015 on the basis that he received ineffective assistance of counsel. Doc. 36-6 at 1, 4. The trial court denied that petition on June 10, 2015. Doc. 36-7. The Appellate Division, First Department, denied leave to appeal on April 14, 2016. Doc. 36-9 at 1.

Favourite timely filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 7, 2016. Doc. 1. Judge Katherine B. Forrest denied the petition as time-barred. Doc. 21; *see also Favourite v. Colvin*, No. 16 Civ. 7086 (KBF), 2017 WL 4081909 (S.D.N.Y. Sep. 12, 2017). The Second Circuit vacated Judge Forrest's decision on the grounds that there were extraordinary circumstances — namely, the state court's "prolonged delay" of three months to notify Favourite about their ruling denying him leave to appeal — warranting equitable tolling, and that Favourite demonstrated reasonable diligence during the period of equitable tolling. Doc. 30; *see also Favourite v. Colvin*, 758 F. App'x 68 (2d Cir. 2018) (citing *Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008)). The case was remanded to Judge

Forrest. Upon Judge Forrest's retirement, the petition was reassigned to this Court. This Court referred the petition to Magistrate Judge Ona T. Wang on December 17, 2018. Doc. 29.

## II. LEGAL STANDARD

### A. AEDPA Review of the State Court Proceedings

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). This deference is required under the AEDPA if the petitioner's claim "was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *see Bell v. Miller*, 500 F.3d 149, 154-55 (2d Cir. 2007).

"Th[e] statutory phrase ['clearly established Federal law, as determined by the Supreme Court of the United States,'] refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). In order for a federal court to find that the state court's application of Supreme Court precedent was unreasonable, the decision must be objectively unreasonable rather than simply incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The factual findings made by state courts are presumed to be correct under the AEDPA, and petitioner has the burden to rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Nelson v. Walker*, 121 F.3d 828, 833 n.4 (2d Cir. 1997).

### B. Review of a Magistrate Judge's R&R

A district court reviewing a magistrate judge's R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise written objections to the R&R within fourteen days after being served with a copy. *Id.*; Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the R&R to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see*

4

*also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997).  The district court may adopt those parts of the R&R to which no party has timely objected, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) (citations omitted).  The district court will also review the R&R for clear error where a party's objections are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition."  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error.").

### III.   FAVOURITE'S OBJECTIONS

Favourite objects to Judge Wang's R&R in its entirety.  Doc. 42 at 2.  He begins by summarizing the events of April 4, 2007 that gave rise to his conviction, Doc. 42 at 2–8, then disputes the sufficiency of the evidence for his conviction.  *Id.* at 8–9 ("None of the foregoing trial testimony when looked at objectively in light of the defense of "duress and renunciation, is legally sufficient to establish petitioner having been a 'willing participant' in the robbery offense[s] that occurred on the April 4, 2007 at the Best Aid Pharmacy business establishment.").  Favourite asserts that

> [] Best Aid Pharmacy, employee Sylvia Cortade, whom would have been extremely important in establishing petitioner's innocence and non-involvement in the crime incident, was not produced at the trial.  Hence, petitioner argued in state court that trial counsel was ineffective in his trial assistance by failing to request a 'missing witness instruction' for the non-production of Ms. Cortado [*sic*].

*Id.* at 10.  Later in his filing, he uses the heading "The Failure of Trial Counsel to Have Requested Missing Witness Instruction."  *Id.* at 25.  To that end, Favourite's first objection is based on ineffective assistance of counsel related to a missing witness instruction.

Next, Favourite asserts that there was error in

> [T]he [lower courts'] rejection of the claim that the state trial court's ruling that defense counsel not be permitted to have the pretrial evidentiary suppression hearing reopened…. was sufficiently egregious to have denied petitioner 'a full and fair suppression hearing.'

*Id.* at 11.  Later in his filing, he uses the heading "The Pretrial Evidentiary Suppression Hearing." *Id.*  To that end, Favourite's second objection is based on the denial of his request to reopen the *Wade* hearing about the identification testimony.

### A. Sufficiency of the Evidence

In addressing Favourite's objection to the sufficiency of the evidence for his conviction, the Court begins by observing that a petitioner must meet a "very heavy burden," when challenging the sufficiency of evidence used to convict them or underlying their conviction. *Knapp v. Leonardo*, 46 F. 3d 170, 178 (2d Cir. 1994) (quoting *United States v. Rosenthal*, 9 F.3d 1016, 1024 (2d Cir. 1993)).  To prevail, the petitioner must demonstrate that "viewing the evidence in the light most favorable to the government,. . . no 'rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.'" *United State v. Jones*, 16 F.3d 487, 490 (2d Cir. 1994) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1989)).  Moreover, a sufficiency claim requires a reviewing court to defer to the findings of the trier of fact instead of substituting its own view of the evidence.  *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  Insofar as there is evidence from which the jury could have drawn an inference favorable to a petitioner but chose not to, the court must "defer to . . . the jury's choice of the competing inferences." *United States v. Kinney*, 211 F.3d 13, 18 (2d Cir. 2000) (quoting *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir. 1998)).

Here, the evidence of Favourite's guilt was not such that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Bossett v. Walker*, 41 F.3d 825, 830 (2d Cir. 1994).  The conviction by the New York Supreme Court, Bronx County, jury followed extensive presentation of evidence by the government, including testimony from the police officers who arrived at the scene of the crime, as well as three of the four victims.  Docs. 38-1, 38-2, and 38-3 at 8.  Moreover, it is clear that the jury considered the evidence in their

6

deliberations and decision to convict Favourite. *See* Doc. 36-1 (stating that the "jury sent out a note requesting clarification of the definition of the charges as well as read-backs of certain testimony"). Furthermore, Favourite appealed the conviction in part on this objection to the sufficiency of the evidence and the state appellate court unanimously affirmed the conviction and sentence. *Favourite*, 98 A.D.3d at 922. Seeing no egregious evidentiary deficiency and duly deferring to the jury's finding, this claim is properly dismissed.

### B. Ineffective Assistance of Counsel Related to a Missing Witness Instruction

In support of his next objection, Favourite asserts that his trial counsel was ineffective by "failing to request a 'missing witness instruction' for the non-production of Ms. Cortado [*sic*]." Doc. 42 at 10. Favourite details why Cortade, one of the pharmacy employees he ordered to sit face-to-face with another employee during the robbery, was "a key and instrumental witness that should have been called." *Id.* at 25. He then outlines justifications for missing witness instructions and applies them to his own case. *Id.* at 25–33. However, he does not once mention Judge Wang's R&R analysis of the issue. *See id.* at 24–33. There are no specific objections to Judge Wang's findings or recommendations; Favourite "simply reiterate[s] original arguments" from the petition and repackages them as an objection. *Genao*, 2011 WL 924202, at *1. Accordingly, his objection does not warrant *de novo* review of the R&R but rather it is reviewed for clear error. *Id.*; *see also Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (explaining that if the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error).

The R&R states that "Plaintiff's arguments for failing to request a missing witness charge for Cortade [] fail." Doc. 39 at 16. This is because "Cortade's testimony would be cumulative, and under New York law, a missing witness charge would not be successful." *Id.* at 16–17 (citing *People v. Edwards*, 14 NY.3d 733 (2010)). Because an advocate's decision to not press for a missing witness charge that would ultimately be unsuccessful is certainly "within the wide range of reasonable professional assistance," there is no ineffective assistance of counsel under the *Strickland* standard. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). It is also unlikely

7

that "the result of the proceeding would have been different" but for the failure to request the missing witness charge. *Strickland*, 466 U.S. at 694.

There is no clear error in this analysis. Accordingly, the Court adopts Judge Wang's recommendation that this claim be dismissed.

### C. Denial of Request to Reopen the *Wade* Hearing About Identification Testimony

Favourite argues that an out-of-court identification that was admitted into evidence in his trial was unduly suggestive, because it was not supported by a sufficiently independent source. *See* Doc. 42 at 18. More specifically, he argues that the testimony proffered by police officers to support the out-of-court identification is insufficiently independent as "[n]one of the testifying police witnesses at the *Wade* hearing testified to any 'specific description[s]' of petitioner. . . ." *See id.* at 17.

These arguments were raised and rejected in the original *Wade* hearing, then rejected again on direct appeal. *See Favourite*, 98 A.D.3d at 922. They were raised again in the instant habeas petition. Doc. 1. Pertinently, they were explicitly addressed by Judge Wang in her R&R. As Favourite only rehashes his original arguments, the Court needs only to review the R&R for clear error. *Genao*, 2011 WL 924202, at *1; *see also Kirk*, 646 F. Supp. 2d at 538; 28 U.S.C. §2254(b)(1).

In the R&R, Judge Wang noted that "*although there was not a prior description of Petitioner provided*, this was not necessary given that Detective Irizzary also viewed Petitioner and the close temporal proximity between the showup and the incident." Doc. 39 at 10–11 (emphasis added). The R&R further assessed whether the admission of an out-of-court identification procedure was appropriate under the relevant *Biggers* factors, and found that it was permissible. *Neil v. Biggers*, 409 U.S. 188 (1972). The R&R concluded that the identification was not unnecessarily suggestive because it "was conducted in 'close temporal and geographic proximity to the crime,' which, if anything, highlights the advantages of [out-of-court] identification." Doc. 39 at 9 (citing *Francischelli v. Potter*, No. 3 Civ. 6091 (ENV), 2007 WL

776760, at *5–6 (E.D.N.Y Mar. 12, 2007)).  For the same reason, it is also independently reliable.  Doc. 39 at 10–11.

There is no clear error in this analysis.  Accordingly, the Court adopts Judge Wang's recommendation that this claim be dismissed.

### IV.     CONCLUSION

For the reasons set forth above, the Court adopts Magistrate Judge Wang's R&R in its entirety, and Favourite's petition for a writ of habeas corpus is DENIED.

As Favourite has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c); see also, e.g., *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to lift the stay, close this case, and mail a copy of this order to petitioner.

It is SO ORDERED.

Dated:   February 7, 2023
        New York, New York

Edgardo Ramos, U.S.D.J.